IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REGINALD SHAVER, #197875,    )
                             )
        Plaintiff,           )
                             )
v.                           )        CIVIL ACTION NO. 2:13-CV-43-TMH
                             )                    [WO]
                             )
MR. COX, *et al.*,           )
                             )
        Defendants.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

Reginald Shaver, an indigent state inmate, initiated this 42 U.S.C. § 1983 action on

January 16, 2013.[1]   This action relates to information contained in a state court record

maintained by the Circuit Court of Montgomery County, Alabama regarding two 1997

convictions imposed upon Shaver for first degree sexual abuse which, until October 19,

2012, indicated such offenses were adult sex offenses, rather than youthful offender offenses.

In the amended complaint, Shaver seeks to challenge the actions of classification officials,

which occurred during his previous confinement at the St. Clair Correctional Facility –

_____

[1]   Although the Clerk of this court stamped the complaint "received" on January 18, 2013, a review
of the complaint indicates that Shaver presented the document to prison officials for mailing on January 16,
2013.  Compl. - Doc. No. 1 at 4.  The law is well settled that a pro se inmate's complaint is deemed filed the
date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v.
United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.
1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume
that [the instant complaint] was delivered to prison authorities the day [Shaver] signed it . . . ."  *Washington
v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers January
16, 2013 as the applicable date of filing.

Shaver advises he last sought relief from St. Clair officials in 2009.  Shaver also alleges classification officials at the Ventress Correctional Facility failed to contact the state court to verify information contained in its records thereby depriving him of due process in classification proceedings that transpired prior to the state court's correction of the information.  Finally, Shaver complains that the Sheriff of Autauga County, Alabama recently provided false information to correctional officials which has adversely impacted his release on parole.[2]

Upon review of amended complaint, the court concludes that the majority of the plaintiff's claims for relief are due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3]

## II.  DISCUSSION

### A.  Claims Barred by the Statute of Limitations

Shaver complains that during his previous incarceration at the St. Clair Correctional Facility defendants Cox and Ary failed to investigate his claim that the state court record

---

[2]  Shaver contends that the Alabama Board of Pardons and Paroles granted him parole on November 1, 2012.  He alleges that the Sheriff of Autauga County furnished correctional officials with erroneous information regarding the proximity of a day care facility to the proposed residence in his home plan thereby negating his release on parole to this residence.

[3]  The court granted Shaver leave to proceed *in forma pauperis* in this case.  Order of February 5, 2013 - Doc. No. 5.  An indigent prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

contained erroneous information.  Shaver advises he last sought relief from St. Clair officials sometime during 2009.  *See* January 24, 2013 Order - Doc. No. 3 at 1.

It is clear from the face of the amended complaint that the claims presented by Shaver regarding actions occurring at the St. Clair Correctional Facility are barred by the statute of limitations relevant to a 42 U.S.C. § 1983 action filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  The statute of limitations begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"  *Calhoun v. Alabama Alcoholic Beverage Control Bd.*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Econ. Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)).  A section 1983 action therefore accrues when the plaintiff knows or has reason to believe he has been injured.  *Calhoun*, 705 F.2d at 424.

The alleged unconstitutional actions of defendants Cox and Ary made the basis of the instant action occurred at St. Clair until sometime in 2009.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Shaver from application of

the time bar.[4]   Shaver acknowledges he knew of the basis for his claim regarding the information contained in his state court records at the time of each classification decision. Thus, the statute of limitations began to run on the claims against defendants Cox and Ary, at the latest, in 2009 and expired two years later.   As previously noted, Shaver filed the instant complaint on January 16, 2013.   This filing therefore occurred over a year ***after*** expiration of the period of limitation.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.   The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.   *Clark v. Georgia Pardons & Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).   "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."   *Clark*, 915 F.2d at 640.   "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."   *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."   *Ali*, 892 F.2d at 440.   "It necessarily follows that in the absence of . . . defendants

---

[4]   This section allows tolling of the limitation period for an individual who "is, at the time the right accrues . . . insane . . . ."   *Ala. Code* § 6-2-8(a).   The pleadings filed by Shaver demonstrate he was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

the . . . court must evaluate the merit of the claim *sua sponte*." *Id.*

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the amended complaint, Shaver has no legal basis on which to proceed as he filed this cause of action more than two years after the actions of defendants Cox and Ary occurred, actions Shaver concedes he knew adversely impacted his classification level due to the information in a state court record. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitation expired in 2011, at least a year prior to Shaver filing the instant complaint. In light of the foregoing, the court concludes that Shaver's claims challenging classification decisions issued during his confinement at the St. Clair Correctional Facility are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

---

[5]  In addition, any claims regarding actions which transpired at the St. Clair Correctional Facility are beyond the venue of this court and should have been presented to the United States District Court for the

## B.  Classification Proceedings at Ventress

Shaver alleges that prior to correction of the information by the Circuit Court of Montgomery County, defendants Chitty and Pittman relied on the information contained in his state court record during the classification process.  This claim, however, provides no basis for relief as reliance by correctional officials on information contained in a state court record, which the officials did not know was incorrect at the time of reliance, is not violative of an inmate's constitutional rights.  *Slocum v. Georgia State Bd. of Pardons & Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).  It is only an official's reliance on information she knows to be false at the time she utilizes the information which invokes due process protection.  *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991).  Moreover, the law is well settled that a prisoner does not state a due process claim by merely asserting that erroneous information may exist in his files.  *Slocum*, 678 F.2d at 942.  Thus, Shaver is entitled to no relief regarding classification decisions issued by defendants Chitty and Pittman prior to correction of his state court record.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against defendants Cox and Ary arising from classification decisions issued at the St. Clair Correctional Facility be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff

---

Northern District of Alabama in a timely manner.

failed to file the complaint within the time prescribed by the applicable period of limitation;[6]

2.   The plaintiff's claims against defendants Chitty and Pittman be dismissed with prejudice prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims fail to state a claim on which relief may be granted; and

3.   The plaintiff's false information claim against the Sheriff of Autauga County, Alabama be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before **February 20, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

---

[6]  As previously noted, these claims are likewise beyond the venue of this court.  *Infra* at 5 n.5.

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of February, 2013.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE