IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGINALD SHAVER, #197875, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-43-TMH |
| ) | [WO] |
| ) | |
| JAMES W. JOHNSON - SHERIFF OF ) | |
| AUTAUGA COUNTY, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 18, 2013, Reginald Shaver ["Shaver"], a convicted sex offender, filed the instant 42 U.S.C. § 1983 action. This case is presently pending before the court on Shaver's challenge to the validity of information allegedly provided to prison officials by the defendant regarding the proximity of a day care facility to the proposed residence in his home plan thereby negating his release on parole to this residence.

In response to the complaint, the defendant asserted that he could not locate any records maintained by his office which referenced the plaintiff. *Doc. No. 13-1 (Aff. of James W. Johnson)* at 1. Based on this response, the court deemed it necessary that Shaver file an amendment to his complaint providing additional requisite information with respect to the claim remaining in this cause of action. *Order of April 15, 2013 - Doc. No. 15*. Shaver, however, failed to file a response in compliance with the directives of the aforementioned order. The court therefore entered an order directing Shaver to "show cause why this case

should not be dismissed as he has failed to file an amendment to the complaint in compliance with the directives of the order entered on April 15, 2013 (Doc. No. 15)." *Order of May 7, 2013 - Doc. No. 16*. The court "**cautioned**  [Shaver] that if he fails to file an amendment to the complaint a Recommendation will be entered that this case be dismissed." *Id*. (emphasis in original). The time allowed Shaver to file a response to this order expired on May 22, 2013. *Id*.

Shaver has failed to file an amendment to his complaint. In addition, he has failed to show cause why this case should not be dismissed for such failure. The court therefore concludes that the instant cause of action should be dismissed without prejudice. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form, a clear description of what her complaint should contain . . . .").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amendment to his complaint as directed by the orders of this court. It is further

ORDERED that the parties are DIRECTED to file any objections to the

Recommendation **on or before June 12, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of May, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE